UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 18-10479-PBS

UNITED STATES OF AMERICA

v.

ALAIN LENORD

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

January 25, 2019

Boal, M.J.

Defendant Alain Lenord is charged in an indictment with receipt of a firearm while under indictment for a felony in violation of 18 U.S.C. § 922(n). An initial appearance was held on January 2, 2019, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(E) (defendant has been charged with a felony that is not otherwise a crime of violence that involves the possession or use of a firearm), and § 3142(f)(2)(A) (risk of flight).

The Court held a detention hearing on January 23, 2019. The government called ATF Special Agent David Simmons and submitted three exhibits[1] into evidence. The Court considered the evidence submitted at the hearing, the government's memorandum in support of detention,[2] the parties' arguments, and a Pretrial Services report recommending detention. After careful consideration of the evidence and for the following reasons, the Court orders the

---

[1] At the hearing, the defendant objected to the introduction of Exhibit 4, which consisted of police reports involving the defendant as well as a summary of those reports. This Court reserved decision on whether it would consider Exhibit 4. This Court does not in fact consider Exhibit 4 in reaching the instant decision.

[2] The government's memorandum contained six exhibits. Docket No. 13. This Court has not considered the exhibits attached to the memorandum except to the extent that they were introduced into evidence at the detention hearing.

1

defendant detained pending trial.

I.      ANALYSIS

    A.      **The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991).  If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).[3]

---

[3] The government argued that a presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2).  The government has met its burden to show that detention is appropriate in this case without the presumption and, therefore, it is not necessary to determine whether the presumption applies.

B.     **Nature Of The Offense And Weight Of The Evidence**

The government alleges that on or about October 26, 2018, Lenord dropped a loaded firearm during flight from police, and police seized marijuana and cash from Lenord. At the time, Lenord was under indictment for home invasion. According to the government, if Lenord is convicted in this case, he faces a guidelines sentence range of 63 to 78 months (effectively capped at 60 months by the maximum penalty).

C.     **Defendant's History And Characteristics**

Lenord, age 26, was born in Boston, Massachusetts. He has a high school diploma, briefly attended Massasoit Community College, and completed Job Corp at Fort Devens in Ayer, Massachusetts.

Lenord has past work experience in seasonal masonry work, roofing, construction, plowing, cleaning, and warehouse work. He has also worked at Dunkin Donuts and for a catering company.

Lenord has a significant criminal history, including arrests for larceny, shoplifting, receiving stolen property, drug offenses, and motor vehicle offenses. He was convicted of possession with intent to distribute fentanyl. At the time of his arrest in this case, he was under indictment for armed assault to rob, armed assault in a dwelling, home invasion, and kidnapping.

D.     **Risk Of Flight**

Lenord is a life-long resident of Massachusetts, except for a brief period when he lived in Pennsylvania. Since 2001, he has primarily resided with his mother in Brockton, Massachusetts but he occasionally stays with his girlfriend in Bridgewater, Massachusetts.

Lenord has never been married and has no children. His father lives in Massachusetts. He has two maternal half-siblings who live with his mother and stepfather. He also has four

step-siblings that live in Florida, California, and Africa, but he does not have regular contact with them.

Lenord last traveled outside of the United States several years ago to Montreal, Canada. He previously traveled to Canada and Haiti as a child.

Lenord has had probation violations and multiple defaults over the years and he was on probation and under pretrial supervision at the time of the instant offense.

### E. Dangerousness

As mentioned above, Lenord has a conviction for a drug offense and is currently under indictment for home invasion. The instant offense also raises concerns as it involves the possession of a firearm.

### F. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court finds that the government has met its burden regarding detention. Lenord has a substantial criminal history, which includes a conviction for a drug offense and open charges on a home invasion. At the time of the current offense, he was on probation and under pretrial supervision. Given the nature of the charge, Lenord's prior criminal history, and the potential lengthy sentence he faces, the Court finds that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community.

### ORDER OF DETENTION

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Alain Lenord be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal;

2. Alain Lenord be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Alain Lenord is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

### RIGHT OF APPEAL

THE PERSON DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge