

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                                    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 11, 2019

Jessica P. Thrall
Federal Public Defender Office
51 Sleeper Street, 5th Flr.
Boston, MA 02110

      Re:     United States v. Alain Lenord, a/k/a "OB"
               <u>Criminal No. 18-cr-10479-PBS</u>

Dear Ms. Thrall:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Alain Lenord ("Defendant"), agree as follows with respect to the above-referenced case:

      1.    <u>Change of Plea</u>

At the earliest practicable date, but in no event later than March 29, 2019, Defendant shall plead guilty to the one count in which he is named in the above-referenced Indictment: Receipt of Firearm While Under Indictment for Felony, 18 U.S.C. § 922(n). Defendant expressly and unequivocally admits that he committed the crime charged in the Indictment, did so knowingly and willfully, and is in fact guilty of that offense.

      2.    <u>Penalties</u>

Defendant faces the following maximum penalties on the one count of the Indictment: incarceration for 5 years; supervised release for 3 years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant also recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration

status. Defendant nevertheless affirms his decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.   Fed. R. Crim. P. 11(c)(1)(C) Plea

This Plea Agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(C), and Defendant's guilty plea will be tendered pursuant to that provision. In accordance with Rule 11(c)(1)(C), if the District Court ("Court") accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any aspect of this Plea Agreement, the U.S. Attorney may deem the Plea Agreement null and void. Defendant understands and acknowledges that he may not withdraw his plea of guilty unless the Court rejects this Plea Agreement under Fed. R. Crim. P. 11(c)(5).

4.   Sentencing Guidelines

The parties agree jointly to take the following positions at sentencing under the United States Sentencing Guidelines ("USSG" or "Guidelines"). The parties agree that Defendant's total adjusted offense level under the Guidelines is calculated as follows:

- in accordance with USSG § 2K2.1(a)(4)(A), Defendant's base offense level is 20, because the defendant committed the instant offense subsequent to sustaining one felony conviction of a controlled substance offense;

- in accordance with USSG § 3E1.1, based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, the adjusted offense level is reduced by three.

The parties agree jointly that in the unique circumstances of this case, the four level enhancement for obliterated serial number under USSG § 2K2.1(b)(4)(B) does not apply.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case.

The U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement, including, but not limited to, his agreement that Paragraph 5 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)   Fails to admit a complete factual basis for the plea;

(b)   Fails to truthfully admit Defendant's conduct in the offense(s) of conviction;

(c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

2

(d)    Fails to provide truthful information about Defendant's financial status;

(e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(f)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(g)    Intentionally fails to appear in Court or violates any condition of release;

(h)    Commits a crime;

(i)    Transfers any asset protected under any provision of this Plea Agreement; or

(j)    Attempts to withdraw Defendant's guilty plea.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.    <u>Agreed Disposition</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the U.S. Attorney and Defendant agree that the following is a reasonable and appropriate disposition of this case:

(a)    incarceration for 37 months;

(b)    36 months of supervised release;

(c)    a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court on or before the date of sentencing (unless Defendant establishes to the Court's satisfaction that Defendant is unable to do so); and

(d)    forfeiture as set forth in Paragraph 7.

6.    <u>Waiver of Right to Appeal and to Bring Future Challenge</u>

(a)    Defendant has conferred with his attorney and understands that he has the right to challenge his conviction in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to challenge his conviction in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

3

(b)    Defendant has conferred with his attorney and understands that defendants ordinarily have a right to challenge in a direct appeal their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) and may sometimes challenge their sentences (including any orders relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) in a future proceeding (collateral or otherwise). The rights that are ordinarily available to a defendant are limited when a defendant enters into a Rule 11(c)(1)(C) agreement. In this case, Defendant waives any rights Defendant may have to challenge the agreed-upon sentence (including any agreement relating to the terms and conditions of supervised release, fines, forfeiture, and restitution) on direct appeal and in a future proceeding (collateral or otherwise), such as pursuant to 28 U.S.C. § 2255 and 28 U.S.C. § 2241. Defendant also waives any right Defendant may have under 18 U.S.C. § 3582 to ask the Court to modify the sentence, even if the USSG are later amended in a way that appears favorable to Defendant. Likewise, Defendant agrees not to seek to be resentenced with the benefit of any change to Defendant's Criminal History Category that existed at the time of Defendant's original sentencing. Defendant also agrees not to challenge the sentence in an appeal or future proceeding (collateral or otherwise) even if the Court rejects one or more positions advocated by any party at sentencing. In sum, Defendant understands and agrees that in entering into this Plea Agreement, the parties intend that Defendant will receive the benefits of the Plea Agreement and that the sentence will be final.

(c)    The U.S. Attorney agrees that he will not appeal the imposition by the Court of the sentence agreed to by the parties as set out in Paragraph 5, even if the Court rejects one or more positions advocated by either party at sentencing.

(d)    Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel under *Strickland v. Washington*; or (ii) the prosecutor in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

7.    <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

a.  Glock Model 30 firearm, serial number WZC681.

Defendant admits that this asset is subject to forfeiture on the grounds that it was "involved in or used" in a willful violation of 18 U.S.C. § 922(n).  Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to the Glock Model 30 firearm, serial number WZC681, seized on or about October 26, 2018.

8.    Civil Liability

By entering into this Plea Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and plea of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

9.    Withdrawal of Plea by Defendant or Rejection of Plea by Court

Should Defendant move to withdraw his guilty plea at any time, or should the Court reject the parties' agreed-upon disposition of the case or any other aspect of this Plea Agreement, this Plea Agreement shall be null and void at the option of the U.S. Attorney.  In this event, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

10.    Breach of Plea Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Plea Agreement, has engaged in any of the activities set forth in Paragraph 4(a)-(j), has violated any condition of Defendant's pretrial release, or has committed any crime following Defendant's execution of this Plea Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Plea Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, regardless whether he elects to be released from his commitments under this Plea Agreement.  Further, the U.S. Attorney may pursue any and all charges which otherwise may have been brought against Defendant and/or have been, or are to be, dismissed pursuant to this Plea Agreement.  Defendant recognizes that his breach of any obligation under this Plea Agreement shall not give rise to grounds for withdrawal of Defendant's guilty plea, but will give the U.S. Attorney the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements made by Defendant and any information, materials, documents or objects provided by Defendant to the government, without any limitation, regardless of any prior agreements or understandings, written or oral, to the contrary.  In this regard,

5

Defendant hereby waives any defense to any charges that Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

11.   <u>Who is Bound by Plea Agreement</u>

This Plea Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.   <u>Modifications to Plea Agreement</u>

This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Philip A. Mallard.

Very truly yours,

ANDREW E. LELLING
United States Attorney

By:

Glenn A. Mackinlay
Chief, Organized Crime Gang Unit
Timothy E. Moran
Deputy Chief, Organized Crime Gang Unit

Philip A. Mallard
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that (a) it accurately sets forth my plea agreement with the United States Attorney's Office for the District of Massachusetts; (b) there are no unwritten agreements between me and the United States Attorney's Office; and (c) no official of the United States has made any unwritten promises or representations to me, in connection with my change of plea. In addition, I have received no prior offers to resolve this case. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense, and the Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Plea Agreement freely, voluntarily, and knowingly because I am guilty of the offense to which I am pleading guilty and I believe this Plea Agreement is in my best interest.

Alain Lenord
Defendant

Date: 3-25-19

I certify that Alain Lenord has read this Plea Agreement and that we have discussed its meaning. I believe he understands the Plea Agreement and is entering into the Plea Agreement freely, voluntarily and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Jessica Thrall
Attorney for Defendant

Date: 3/25/19

7