UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>v.    )<br>    )<br>ALAIN LENORD,    )<br>    )<br>    Defendant.    ) | CASE NO. 1:18-CR-10479-PBS |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE**

The United States of America, through undersigned counsel, hereby submits this opposition to the Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) ("Defense Motion"), ECF #66. Defendant's motion fails on several grounds and should be denied.

*First*, Lenord has not yet exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). Every appellate court that has considered the issue has held that this statute established a mandatory claims-processing rule that federal inmates must follow before seeking relief in federal court. *See United States v. Franco*, ___ F.3d ___, 2020 WL 5249369, *2-*3 (5th Cir. Sept. 3, 2020); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020*); United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *United States v. Springer*, ___ Fed.Appx. ___, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020). Where Congress "includes administrative exhaustion in the relevant statute… 'courts have a role in creating exceptions only if Congress wants them to.'" *United States v. Monzon*, No. 99CR157 (DLC), 2020 WL 550220, at *1 (S.D.N.Y. Feb. 4, 2020) (quoting *Ross*, 136 S. Ct. at 1857); *see also United States v. Ramirez*, No. CR 17-10328-WGY, 2020 WL 2404858, at *8 (D. Mass. May 12, 2020) ("statutory requirements are more

rigid than judge-made law, and are subject to very few exceptions"). Because Lenord has not exhausted his administrative remedies, his motion must be denied.

*Second*, even if administrative exhaustion were not applicable, Lenord is a healthy, 28 year old male, who does not suffer from a medical condition that constitutes an "extraordinary and compelling reason" sufficient to warrant modification of his sentence pursuant to § 3582(c)(1)(A)(i).

*Third*, FCI-Schuylkill (where Lenord is incarcerated) currently has zero cases of COVID-19 among staff and inmates.[1] This strongly suggests that the policies and procedures implemented by the Bureau of Prisons ("BOP") at FCI- Schuylkill have proven successful in containing and mitigating the spread of the virus, and further counsel that release is inappropriate.

*Fourth*, even if Lenord were able to satisfy the "extraordinary and compelling reason" threshold necessary to consider compassionate release, the balance of the remaining factors set forth in § 3553(a) do not weigh in favor of his release. The Court has already carefully weighed the plea agreement, and probation's evaluation of the offense level and criminal history in the PSR. The parties were able to agree to a sentence of 37 months (ECF #44) that satisfied the Section 3553 factors, while permitting the Defendant an opportunity for rehabilitation, release and reentry to society much sooner than he may have otherwise. In the context of a healthy young man incarcerated pursuant to a joint sentencing recommendation at a facility with zero cases of COVID-19, the Defendant's release would present an untenable risk of danger to the community, would undermine the significance of the agreed-to sentence and the Court's findings

---

[1] See BOP: Covid-19 Update, available at https://www.bop.gov/coronavirus/, last accessed on November 23, 2020.

in adopting it, and would otherwise not be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), or the sentencing factors under Section 3553.

For all of these reasons, this Court should deny Lenord's motion for release.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Emergency Motion for Compassionate Release from Incarceration.

> Respectfully submitted,
>
> ANDREW E. LELLING
> UNITED STATES ATTORNEY
>
> By:  */s Philip A. Mallard*
> PHILIP A. MALLARD
> Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

> */s Philip A. Mallard*
> PHILIP A. MALLARD
> Assistant United States Attorney

Date: November 23, 2020